IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANE E. HUGHES, | : | |
| Plaintiff | : | CIVIL NO. 4:05-CV-2381 |
| v. | : | |
| | : | (Judge McClure) |
| LINDA S. McMAHON,[1] Acting | : | |
| Commissioner of Social Security, | : | |
| Defendant | : | |

**ORDER**

February 1, 2007

**BACKGROUND:**

    This is a Social Security disability case pursuant to 42 U.S.C. § 405(g). On October 7, 2003, plaintiff filed an application for disability insurance benefits, alleging disability since December 31, 1988 due to post traumatic stress disorder ("PTSD"), irritable bowel syndrome ("IBS"), and an affective disorder. The state agency denied her claim. The plaintiff filed a request for a hearing, which was granted, and a hearing was held before an Administrative Law Judge ("ALJ") on May 4, 2005. On March 25, 2005, the ALJ denied plaintiff's benefits, finding that plaintiff was not disabled within the meaning of the Social Security Act. On July

---

    [1] Linda S. McMahon became the Acting Commissioner of Social Security, effective January 20, 2007, to succeed Jo Anne Barnhart. Under Fed. R. Civ. P. 25(d)(1) and 42 U.S.C. 405(g), Linda S. McMahon is automatically substituted as the defendant in this action.

8, 2005, the plaintiff requested review of the ALJ's decision by the Appeals Council, which was denied on September 19, 2005.  On November 16, 2005, plaintiff filed a complaint with this court requesting reversal of the ALJ's decision.

This matter was initially referred to United States Magistrate Judge Thomas M. Blewitt.

On December 18, 2006, after receiving briefing from both parties, the magistrate judge issued his thorough twenty page report and recommendation upholding the ALJ's decision.  The ALJ determined that because December 31, 1993 was the last day in which plaintiff was entitled to disability insurance, plaintiff must have been suffering from a disability on or before that date.  Although plaintiff presented evidence suggesting she suffered from a severe impairment since 1980, the ALJ found plaintiff's medical records did not support her claim.  Specifically, the ALJ concluded that there was not enough evidence to establish that plaintiff's mental impairments were sufficiently severe as of December 31, 1993 to qualify as disabilities under the Social Security Act.  After reviewing the record, the magistrate judge agrees with the ALJ, and he recommends we deny plaintiff's appeal.

Plaintiff has not filed objections to the magistrate judge's report and recommendation.

**DISCUSSION:**

A district court reviews de novo those portions of a magistrate judge's report and recommendation to which a party objects. L.R. 72.3. The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. When reviewing the denial of social security benefits, the magistrate judge and district court need only find substantial evidence to support the denial. Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It is more than a mere scintilla of evidence but may be less than a preponderance." Id. (internal citations omitted).

To qualify for Social Security disability benefits, a person must be disabled within the meaning of the Social Security Act. To be disabled within the Act, a person must suffer from an "impairment or combination of impairments which significantly limits [the person's] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520© (2007). The burden of proof is on the claimant. Plummer v. Apfel, 186 F.3d 422, 428 (3d Cir. 1999).

We agree with the magistrate judge that there was substantial evidence to support the ALJ's determination that the plaintiff failed to establish she suffered from a severe impairment as of December 31, 1993. For purposes of judicial

economy, we will not rehash all of the sound reasoning used by the magistrate judge in reaching this conclusion.  We will note, however, that the ALJ correctly weighed plaintiff's subjective allegations of a severe impairment against objective medical evidence, and found that the lack of credible medical records supporting plaintiff's allegations were fatal to her claim.  For this reason and the reasons set forth in the magistrate judge's report and recommendation, we will deny plaintiff's appeal of the ALJ's decision to deny her claim for social security benefits.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. United States Magistrate Judge Thomas M. Blewitt's Report and Recommendation is adopted in full.  (Rec. Doc. No. 11).

2. Plaintiff's appeal of the decision to deny her claim for social security benefits is denied.  (Rec. Doc. No. 1).

3. The clerk is directed to close the case file.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge